UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEDRO RODRIGUEZ,<br><br>       Plaintiff,<br><br>   v.<br><br>R. FISHER, JR., C. ADAMS, R. DIAZ, C. GREER, L. RODRIGUEZ,<br><br>       Defendant. | Case No. 1:21-cv-00043-DAD-HBK<br><br>FINDINGS AND RECOMMENDATIONS TO: (1) DISMISS CASE FOR FAILURE TO PROSECUTE AND FAILURE TO COMPLY WITH A COURT ORDER; OR, IN THE ALTERNATIVE (2) DISMISS COMPLAINT FOR FAILURE TO STATE A CLAIM AND FOR IMPERMISSIBLE JOINDER OF CLAIMS AND DEFENDANTS[1]<br><br>FOURTEEN-DAY OBJECTION PERIOD<br><br>(Doc. No. 1) |

   This matter comes before the Court upon periodic review. As more fully set forth below, the undersigned recommends this case be dismissed without prejudice due to Plaintiff's failure to prosecute this action and failure to comply with the Court's order. In the alternative, the undersigned recommends the complaint be dismissed for failure to state a claim and for impermissible joinder of unrelated claims and Defendants.

## I. BACKGROUND

   Plaintiff, proceeding *pro se*, initiated this action by filing a civil complaint in the

---

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2019).

California Superior Court of Madera County on September 18, 2020.  (Doc. No. 1 at 5).  On January 12, 2021, Defendants removed the case to this Court in accordance with 28 U.S.C. §§ 1441(a) and 1446 and paid the filing fee.  (Doc. No. 1).  On June 2, 2021, the undersigned screened the complaint and found that it failed to state a claim.  (Doc. No. 8).  In the screening order, Plaintiff was directed to file a first amended complaint within thirty days to cure any deficiencies.  (*Id*. at 12, ¶ 2).  Plaintiff was duly warned that, absent any enlargements of time, his failure to comply with the order would result in the undersigned recommending a dismissal of this case.  (*Id*. at 13, ¶ 3).  Plaintiff has neither filed a first amended complaint nor moved for an enlargement of time to file his amended complaint and the time in which to do has passed.

## II.  APPLICABLE LAW

Federal Rule of Civil Procedure 41(b) permits the court to involuntarily dismiss an action when a litigant fails to prosecute an action or fails to comply with other Rules or with a court order.  *See* Fed. R. Civ. P. 41(b); *see Applied Underwriters v. Lichtenegger*, 913 F.3d 884, 889 (9th Cir. 2019) (citations omitted); *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) ("[T]he consensus among our sister circuits, with which we agree, is that courts may dismiss under Rule 41(b) *sua sponte*, at least under certain circumstances.").  Local Rule 110 similarly permits the court to impose sanctions on a party who fails to comply with the court's Rules or any order of the court.  Further, the procedural rules that govern the court are to be "construed, administered and employed by the court . . . to secure the just, speedy, and inexpensive determination of every action and proceeding."  Fed. R. Civ. P. 1.

Involuntary dismissal is a harsh penalty, but it "is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants."  *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002).  Before dismissing an action under Fed. R. Civ. P. 41, the court *must* consider: (1) the public interest in expeditious resolution of litigation; (2) the court's need to manage a docket; (3) the risk of prejudice to defendant; (4) public policy favoring disposition on the merits; and (5) the availability of less drastic sanctions.  *See Applied Underwriters*, 913 F.3d at 889  (noting that these five factors "must" be analyzed before a Rule 41 involuntarily dismissal) (emphasis added); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987)

(reviewing five factors and independently reviewing the record because district court did not make finding as to each); *but see Bautista v. Los Angeles County*, 216 F.3d 837, 841 (9th Cir. 2000) (listing the same, but noting the court *need not* make explicit findings as to each) (emphasis added); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (affirming dismissal of *pro se* § 1983 action when plaintiff did not amend caption to remove "et al" as the court directed and reiterating that an explicit finding of each factor is not required by the district court).

### III.  ANALYSIS

#### A. Failure to Prosecute and Failure to Comply with a Court Order

The undersigned considers the above-stated factors and concludes the majority of the above factors favor dismissal in this case. The expeditious resolution of litigation is deemed to be in the public interest. *Yourish v. California Amplifier*, 191 F.2d 983, 990-91 (9th Cir. 1999). Turning to the second factor, the Court's need to efficiently manage its docket cannot be overstated. This Court has "one of the heaviest caseloads in the nation," and due to unfilled judicial vacancies, which is further exacerbated by the Covid-19 pandemic, operates under a declared judicial emergency. *See* Amended Standing Order in Light of Ongoing Judicial Emergency in the Eastern District of California. The Court's time is better spent on its other matters than needlessly consumed managing a case with a recalcitrant litigant. Indeed, "trial courts do not have time to waste on multiple failures by aspiring litigants to follow the rules and requirements of our courts." *Pagtalunan*, 291 F.3d at 644 (Trott, J., concurring in affirmance of district court's involuntary dismissal with prejudice of habeas petition where petitioner failed to timely respond to court order and noting "the weight of the docket-managing factor depends upon the size and load of the docket, and those in the best position to know what that is are our beleaguered trial judges."). Delays have the inevitable and inherent risk that evidence will become stale or witnesses' memories will fade or be unavailable and can prejudice a defendant, thereby satisfying the third factor. *See Sibron v. New York,* 392 U.S. 40, 57 (1968). Finally, the recommended dismissal is a dismissal *withou*t prejudice, which is a lesser sanction than a dismissal with prejudice, thereby addressing the fifth factor.

Here, Plaintiff was warned that he must file an amended complaint within thirty days from

receipt of the order, and absent any enlargements of time, the Court will recommend dismissal of this action to the District Court without further notice.  More than thirty days have passed, and Plaintiff has neither filed a first amended complaint nor has he requested an enlargement of time. Plaintiff has abandoned this action.  Accordingly, the Court recommends that this action be dismissed without prejudice.

### B. Failure to State a Claim

In the alternative, the undersigned recommends that the complaint be dismissed for failure to state a claim.  The undersigned incorporates herein by reference as though set out at length herein its previous screening order.  (*See* Doc. No. 8). The screening order sets forth the applicable law and standards for this action and details the deficiencies in the complaint.  (*Id*.).

### C. Impermissible Joinder of Unrelated Claims and Defendants

Further, the undersigned recommends the complaint be dismissed for Plaintiff's impermissible joinder of unrelated claims and Defendants.  A plaintiff may properly assert multiple claims against a single defendant in a civil action.  Fed. Rule Civ. P. 18.  In addition, a plaintiff may join multiple defendants in one action where "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions and occurrences" and "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2).  However, unrelated claims against different defendants must be pursued in separate lawsuits. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).  This rule is intended "to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s] . . .." *Id.* A plaintiff may bring claims against more than one defendant only if (1) the claims arise out of the same transaction, occurrence, or series of transactions or occurrences, and (2) there is a question of law or fact common to all defendants. Fed. R. Civ. P. 20(a)(2); *see Coughlin v. Rogers*, 130 F.3d 1348, 1351 (9th Cir. 1997).

In his complaint, Petitioner makes various state law tort claims, American with Disabilities Act (ADA) and Rehabilitation Act (RA) claims related to a typewriter accommodation, an Eighth Amendment conditions of confinement claim related to his bunk bed assignment, an Eighth Amendment failure to protect claim related to an incident with an inmate,

4

and a Fourteenth Amendment equal protection claim related to disability discrimination. (*See generally* Doc. No. 1). The claims name different Defendants and occurred at different points of time. Liberally construed, some of Plaintiff's claims relate to each other—such as his state law claims related to his request for typewriter accommodations and his ADA and RA claims related to typewriter accommodations. However, his conditions of confinement claim and failure to protect claims do not relate to his other ADA and RA claim. Plaintiff's failure to protect claim centers on the alleged actions of Defendant Greer, while his typewriter accommodation claim centers on the actions of Defendants Rodriguez, Diaz, Fisher, and Adams. (*Id*. at 10). Moreover, Plaintiff's conditions of confinement claim does not identify a defendant liable for the alleged harm. (*Id*. at 12). Accordingly, the undersigned recommends the complaint be dismissed as deficient for including impermissible claims and defendants.

Accordingly, it is **RECOMMENDED**:

This action be dismissed without prejudice for failure to prosecute and failure to comply with a Court order. In the alternative, the undersigned recommends that the complaint be dismissed without prejudice for complaint's failure to state a claim and/or impermissible joinder of claims and Defendants.

**NOTICE TO PARTIES**

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, a party may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Dated:   August 17, 2021

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE